# IN THE COURT OF APPEALS OF IOWA

No. 21-1909
Filed March 2, 2022

**IN THE INTEREST OF A.B., M.B. and B.B.,**
**Minor Children,**

**S.G., Mother,**
        Appellant.

_____

        Appeal from the Iowa District Court for Woodbury County, Mary Jane

Sokolovske, Judge.

        A mother appeals the termination of her parental rights to her children.

**AFFIRMED.**


        Theresa Rachel, Sioux City, for appellant mother.

        Thomas J. Miller, Attorney General, and Michelle R. Becker, Assistant

Attorney General, for appellee, State.

        Michelle M. Hynes of Juvenile Law Center, Sioux City, attorney and

guardian ad litem for minor children.


        Considered by Greer, P.J., Chicchelly, J., and Doyle, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**DOYLE, Senior Judge.**

A mother appeals the termination of her parental rights to three children: A.B., born in 2020; M.B., born in 2019; and B.B., born in 2018.[1]  We review the termination order de novo.  *See In re B.H.A*., 938 N.W.2d 227, 232 (Iowa 2020). In doing so, we give weight to the juvenile court's fact findings, especially those about witness credibility, although we are not bound by them.  *See* Iowa R. App. P. 6.904(3)(g); *In re C.A.V*., 787 N.W.2d 96, 99 (Iowa Ct. App. 2010).

The mother first challenges the evidence supporting the statutory grounds for termination.  The juvenile court found clear and convincing evidence to terminate the mother's parental rights under Iowa Code section 232.116(1)(d), (h), and (*l*) (2021).  We may affirm if the record supports termination on any one of those grounds.  *See In re A.B.,* 815 N.W.2d 764, 774 (Iowa 2012).  To terminate parental rights under section 232.116(1)(h), the State must prove:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance [(CINA)] pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother only argues there is insufficient evidence showing the children could not be returned to her care at the time of the termination hearing.  *See In re D.W.*,

---

[1] The father's parental rights to the children were also terminated.  He did not appeal.

791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean "at the time of the termination hearing").

The children came to the attention of the Iowa Department of Human Services (DHS) in 2019 because the mother tested positive for amphetamines twice while pregnant with A.B. The mother denied using drugs during her pregnancy, but she and A.B. tested positive for methamphetamine after she gave birth. The mother then admitted to smoking marijuana twice during her pregnancy and speculated that, unbeknownst to her, there was methamphetamine in it. Substance-abuse assessments recommended that the mother attend outpatient treatment, but she never followed through. There were also concerns about housing, income, and parenting skills. As a result, the juvenile court adjudicated the children as CINA. It removed the children from the mother's care weeks later based on safety concerns resulting from her lack of participation in services.

Little changed in the year following the CINA adjudication. The mother failed to meet the juvenile court's expectations for substance-abuse treatment. Although the mother claimed she would rather submit to drug testing than attend treatment, she disregarded the DHS's requests for testing many times. She did so despite knowing that each missed test would be viewed as a positive result. The mother provided various excuses for her refusal to test, which included blaming the DHS worker for failing to follow through, distrusting the DHS worker, and believing that testing negative would make no difference. Aside from attending supervised two-hour visits with the children three times per week, the mother did not engage in any other services offered to her. She blames lack of participation on the service providers cancelling appointments rather than her own actions.

Clear and convincing evidence shows the children would be no less at risk if returned to the mother's care than they were at the time of the CINA adjudication. The concerns that existed when the juvenile court entered its order persist. Testing shows the mother exposed her unborn child to dangerous substances on at least three separate occasions while she was pregnant. The mother argues she has not tested positive since early in the case, but each refusal to comply with the DHS's request to test is considered the same as testing positive. Despite knowing this, the mother provided no legitimate reason for refusing to test. On the record before us, there is clear and convincing evidence that the children would be at risk of adjudicatory harm if returned to the mother's care.

The mother also challenges the evidence showing termination is in the children's best interests. To terminate parental rights, the evidence must show termination is in the child's best interest. *See In re R.K.B.*, 572 N.W.2d 600, 602 (Iowa 1998). In determining a child's best interest, we look to the framework described in section 232.116(2), *see In re A.H.B.*, 791 N.W.2d 687, 690-91 (Iowa 2010), which requires that we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child," Iowa Code § 232.116(2). The "defining elements" in a child's best interests are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

The children's best interests are served by terminating the mother's parental rights. The children are three years old or younger. Our supreme court has noted the importance of the statutory timeframe in deciding whether to terminate parental

rights. *See In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"); *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) ("It is unnecessary to take from the children's future any more than is demanded by statute."). Here, the statutory time frame is six months. *See* Iowa Code § 232.116(1)(h)(3). The DHS has been offering services to the family for two years, and the children have been out of the mother's care for more than fifteen months due to safety concerns. That the mother is in no better position to care for the children now than she was at the beginning of the case supports termination. *See B.H.A.*, 938 N.W.2d at 233 (stating that in determining a child's best interests, we must "consider what the future likely holds for the child if returned to [the] parents" and noting that "[i]nsight for this determination can be gained from evidence of the parent's past performance, for that performance may be indicative of the quality of the future care that parent is capable of providing" (citation omitted)).

The mother suggests that "an extension[2] at this time will not upend the child's life in any appreciable way" and her rights and needs as a parent outweigh the children's needs for permanency. We disagree. As we have often said, children are not equipped with pause buttons. *See In re A.M.*, 843 N.W.2d 100,

---

[2] Iowa Code section 232.104(2)(b) allows the court to continue the child's placement for another six months if doing so will eliminate the need for the child's removal. But to delay permanency, the court must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). We are unable to make such a finding.

112 (Iowa 2014) (holding that the court must not deprive children permanency on the hope that someday the parent will be able to provide a stable home); *A.C.*, 415 N.W.2d at 614 (noting that if the plan to reconcile parent and child fails, "all extended time must be subtracted from an already shortened life for the children in a better home"). Here, the children's need for safety and permanency outweigh the rights and needs of the mother. *See In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009).

We affirm the termination of the mother's parental rights.

**AFFIRMED.**